Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste. 150
San Diego, CA  92108
Tel:    619/758-1891
Fax:    619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM LE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GATESTONE AND CO. INTERNATIONAL, INC. and AMIN ATSEBHA,<br><br>　　　　Defendants. | Case No: 8:13-cv-00997-DOC-JPR<br><br>DEFENDANT GATESTONE & CO. INTERNATIONAL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8 AND 12(b)(6)<br><br>Date:  September 16, 2013<br>Time:  8:30 a.m.<br>Courtroom:  9D<br>Judge: David O. Carter |

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
1

Defendant, GATESTONE & CO. INTERNATIONAL, INC. ("Gatestone"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint filed by Plaintiff, Tam Le ("Plaintiff"), and shows:

## I.     INTRODUCTION

Plaintiff filed this action *pro se* alleging Gatestone is a debt collector and violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by impermissibly pulling his credit report. (Dkt. 3.) Plaintiff even attached to his Complaint a portion of his credit report proving, just as he alleges, Gatestone made the credit inquiry in connection with the collection of a debt from Plaintiff. (Dkt. 3 at Ex. 1).

Plaintiff's Complaint fails as matter of law to state a claim against Gatestone. The FCRA expressly permits debt collectors to access consumer credit reports in connection with the "collection of an account" of a consumer.  15 U.S.C. § 1681b(a)(3)(A). Plaintiff's Complaint proves Gatestone's conduct was permissible conduct under the FCRA, and should be dismissed as a matter of law.

## II.     BACKGROUND AND PROCEDURAL HISTORY

On July 8, 2013, Plaintiff filed this action alleging Gatestone violated the FCRA.[1] *See* Dkt. 3.  Plaintiff's sole claim is that Gatestone "pull[s] consumer credit [reports] . . .

---

[1] On July 18, 2013, Gatestone was served.  Upon information and belief, co-defendant Amin Atsebha has not been served.

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
2

to attempt collections," and "[o]n May 5, 2013 obtained Plaintiff's . . . consumer report without a permissible purpose." *Id*. at ¶¶ 7, 8 and 18.  Plaintiff attached as Exhibit 1 to his Complaint a portion of his credit report showing on May 8, 2013 Gatestone made an inquiry on his credit report for "collection services." *Id*. at Ex. 1.

### III.   LAW AND ARGUMENT

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
3

Plaintiff's threadbare Complaint fails to satisfy the basic requirements of the Federal Rules and should be disposed of.

### A. **Plaintiff Fails to State a Claim Against Gatestone.**

Plaintiff's FCRA claim is based entirely on his allegation that Gatestone is a debt collector and pulled his TransUnion credit report in connection with the collection of a debt from him. However, as stated above, Plaintiff's allegations actually show Gatestone complied with the FCRA.

The FCRA provides several permissible purposes to access a consumer's credit report, including "review or collection of an account of the consumer." *Id.* at § 1681b(a)(3)(A). Accordingly, the Ninth Circuit, along with numerous courts have held, a debt collector has a permissible purpose to access a consumer's credit report in connection with the collection of a debt. *See Thomas v. U.S. Bank, N.A.*, 325 Fed. Appx. 592, 592-93 (9th Cir. 2009); *Hasbun v. Cty. of Los Angeles*, 323 F.3d 801, 803 (9th Cir. 2003); *see also Anthony v. Cach, LLC*, No. CV-12-9057, 2013 WL 989883, at *2 (C.D. Cal. Mar. 11, 2013); *Thomas v. Fin. Recovery Servs.*, No. EDCV 12-1339, 2013 WL 387968, at *3-4 (C.D. Cal. Jan. 31, 2013) ("Courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt."); *Ayvazian v. The Moore Law Grp.*, No. 2:12-cv-01506, 2012 WL 2574947, at *3 (C.D. Cal. July 3, 2012); *Rodriguez v. Cavalry Portfolio*

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
4

*Servs., LLC*, No. 11-CV-1837, 2012 WL 726474, at *1 (S.D. Cal. Mar. 6, 2012) ("A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Laugenour v. Northland Grp. Inc.*, No. 2:12-CV-2995, 2013 WL 3745727, at *2 (E.D. Cal. July 15, 2013) ("[T]he requesting of a credit report to attempt to collect a debt is a permissible purpose."); *Pyle v. First Nat'l Collection Bureau*, No. 1:12-CV-00288, 2012 WL 1413970, at *3-4 (E.D. Cal. Apr. 23, 2012) ("A collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt."); *Myers v. Stoneleigh Recovery Assocs.*, No. CIV S-11-1753, 2012 WL 1356752, at *5-6 (E.D. Cal. Apr. 18, 2012); *Makreas v. The Moore Law Grp., A.P.C.*, No. C-11-2406, 2011 WL 3047634, at *2 (N.D. Cal. July 25, 2011); *Peretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561, 2003 WL 21383757, at *2 (N.D. Cal. May 5, 2003).[2]

Here, as Plaintiff alleges, Gatestone is a debt collector and accessed plaintiff's credit report in connection with the collection of a debt from Plaintiff – clearly a permissible purpose under the FCRA. *See* Dkt. 3, ¶¶ 7, 8, 18 and Ex. 1. Plaintiff's FCRA claim, therefore, fails as a matter of law and should be dismissed with prejudice.

---

[2] *See also Norman v. Northland Grp., Inc.*, No. 12-10057, 2012 WL 5195965, at * 1-2 (5th Cir. Oct. 22, 2012); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. App'x 40, 43 (7th Cir. 2008); *Edge v. Prof'l Claims Bureau, Inc.,* 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000); *Korotki v. Thomas, Ronald & Cooper, P.A.,* No. 96-1877, 1997 WL 753322, at * 2 (4th Cir. 1997).

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
5

## IV.    CONCLUSION

In sum, even when Plaintiff's claim is read in a light most favorable to the Plaintiff he has failed to state a claim for relief under the FCRA.  For the foregoing reasons, Defendant Gatestone & Co. International, Inc. respectfully requests this Court grant its Motion to Dismiss all claims with prejudice.

Dated: August 8, 2013         SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.


            /s/Debbie P. Kirkpatrick_____
            Debbie P. Kirkpatrick
            Attorneys for Defendants

Defendant Gatestone & Co. International Inc.'s
Memorandum of Points and Authorities in Support of
Motion to Dismiss Pursuant to FRCP 8 and 12(b)(6)
6