**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0997-DOC (JPRx)                                              Date: September 5, 2013

Title: TAM LE V. GATESTONE CO INTERNATIONAL INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                                     None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING DEFENDANT'S MOTION AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is Defendant Gatestone Co International Inc.'s ("Gatestone") Motion to Dismiss ("Motion") (Dkt. 8). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15. After reviewing the motion, and opposition, the Court herby GRANTS the motion and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Gatestone.

**I.   Background**

The facts alleged by Tam Le ("Plaintiff") are as follows:

Gatestone is a debt collector. Compl. (Dkt. 3) ¶ 7. Plaintiff alleges that on July 1, 2013, he received his credit report from TransUnion, a major credit reporting agency. Upon examination, Plaintiff determined that on May 5, 2013, "Defendant obtained Plaintiff's TransUnion consumer reports without permissible purpose." *Id*. ¶8. Plaintiff denies ever entering into any contractual agreement with the defendants for credit, loans, or services. *Id*. ¶ 9.

Plaintiff filed the instant action with this Court on July 8, 2013, for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) and § 1681n ("FCRA"). Gatestone filed this Motion on August 8, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0997-DOC (JPRx)            Date: September 5, 2013
                                                                                        Page 2

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0997-DOC (JPRx)                                         Date: September 5, 2013
                                                                                                                Page 3

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *See Hughes*, 449 U.S. at 9.

### III.   Discussion

Gatestone moves to dismiss Plaintiff's Complaint against it on the grounds that it does not state a plausible claim for violation of the FCRA. The Court agrees.

#### a. § 1681b(f) claims

To prove a violation of FCRA Section 1681b(f), Plaintiff must show that credit information was obtained for an impermissible purpose. *See Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Prof'l Claims Bureau, Inc.*, 64 F.Supp.2d 115, 117 (E.D.N.Y. 1999) (holding that to prove a violation of 1681n(b) a plaintiff must show an impermissible purpose—a permissible purpose is a complete defense)); *see also* 15 U.S.C. § 1681n(b) (2013). Section 1681b sets forth the permissible purposes for obtaining credit information. These purposes include furnishing a report to a person to which the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(1)(A). A complaint that merely states in a conclusory fashion that a defendant has no interest in plaintiff's debt will be dismissed for failure to plausibly allege a violation of the FCRA. *See Pyle v. First Nat'l Collection Bureau*, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012).

In *Pyle*, a consumer brought a claim for violation of the FCRA against a debt collector, alleging that plaintiff "'never at any time had any business dealing or accounts with the Defendant'" *Id*. The court, however, stated that whether or not the plaintiff ever had any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0997-DOC (JPRx)            Date: September 5, 2013
                                                                       Page 4

business dealings with the defendant was irrelevant. *Id*. The question was whether or not defendant was a debt collector who obtained plaintiff's credit report in the course of seeking to collect a debt that plaintiff owed. *Id*.; *see also* 15 U.S.C. § 1681b(a)(3)(A) (2013). Because plaintiff did little more than plead a conclusory allegation that defendant had no interest in plaintiff's debt, without establishing "that defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity," the claim was dismissed. *Pyle*, 2012 WL 1413970, at *3; *see also Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *3 (E.D. Cal. Nov. 8, 2011).

       In this case, Plaintiff's Complaint suffers from similar shortcomings. As in *Pyle*, Plaintiff makes conclusory allegations that he has no legal relationship with Gatestone, and that Gatestone has no legal interest in his debt. He does not allege that no such debt exists, or that Defendant is not a debt collector. Indeed, Plaintiff acknowledges that Defendant is a collection agency. Compl. ¶ 7 ("Gatestone…employs or/and retains the services of Amin Atsebha to pull consumer credit, and to attempt collections on alleged and or unverified debts of consumer."). Moreover, Defendant's name on the credit inquiry represents it to be a collection agency. Compl. Ex. 1 ("Gatestone & Collection Services. Accordingly, Plaintiff's pleadings are insufficient and the Court DISMISSES WITHOUT PREJUDICE his Section 1681b(f) claims as to Gatestone.

          **b. § 1681n claim**

       To prove a violation of 15 U.S.C. § 1681n, Plaintiff must show that Gatestone "willfully fails to comply with any requirement imposed" under § 1681. A person willfully fails to comply with any requirement under the FCRA when they had knowledge "that policy [or action] to be in contravention of the rights possessed by consumers pursuant to the FCRA" or "in reckless disregard of whether the policy [or action] contravened those rights." *Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081, 1098 (9th Cir. 2005). "Willfulness for civil liability requires either knowledge or reckless disregard with respect to whether an action is unlawful." *Id.* at 1114; *see also Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56 (holding that where "willfulness" is a statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well). The court in *Safeco* noted that 'willfully' is a "word of many meanings whose construction is often dependent on the context in which it appears." *Id.* at 57.

       Plaintiff alleges that Gatestone violated § 1681n willfully because Defendant "failed to comply with FCRA when it requested, obtained, and used Plaintiff's TransUnion consumer report." Compl. ¶ 11. However, Plaintiff merely cites the statutory language by making legal conclusions couched as factual allegations. Plaintiff fails to articulate facts showing that Gatestone willfully failed to comply with FCRA's requirements. There are no facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0997-DOC (JPRx)            Date: September 5, 2013
                                                                                                                 Page 5

demonstrating Gatestone was unauthorized to request Plaintiff's credit report, or that Gatestone requested Plaintiff's credit report arbitrarily. Plaintiff's § 1681n claim fails for not showing willful noncompliance and, therefore, it is DISMISSED WITHOUT PREJUDICE as to Gatestone.

### IV.    Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Section 1681b(f) and 1681n claims against Gatestone Co International Inc.

If Plaintiff wishes to amend his Complaint to include FCRA claims, he must allege facts plausibly showing that Gatestone did not have an interest in his debt, by alleging, for example, that Gatestone is not a debt collector or that he does not owe any debt that Gatestone was seeking to collect. *See Pyle*, 2012 WL 1413970, at *3. If Plaintiff is unable to fix these defects in an amended complaint, the Court will be inclined to dismiss the claims with prejudice.

Plaintiff may file an Amended Complaint, if at all, on or before Friday September 27, 2013.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                            Initials of Deputy Clerk: jcb